**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4186**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHIHEEM OCTAVIOUS BROWN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:23-cr-00251-M-RN-1)

Submitted:  June 25, 2026                                    Decided:  June 29, 2026

Before BENJAMIN and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:**  Christopher S. Edwards, WARD AND SMITH, P.A., Wilmington, North Carolina, for Appellant.  Lucy Partain Brown, Assistant United States Attorney, Katherine Simpson Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shiheem Octavious Brown pleaded guilty, pursuant to a written plea agreement, to armed bank robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 2113(a), (d), (e), and brandishing a firearm in furtherance of a crime of violence and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii). The district court sentenced Brown to 216 months' imprisonment and five years of supervised release.

On appeal, Brown's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court erred under *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020), by failing to unambiguously incorporate the district's standing order specifying the discretionary conditions of Brown's supervised release. Although informed of his right to do so, Brown has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal based on the appeal waiver in Brown's plea agreement. We dismiss in part and affirm in part.

"We review an appellate waiver de novo to determine its enforceability" and "will enforce the waiver if it is valid and if the issue being appealed falls within its scope." *United States v. Carter*, 87 F.4th 217, 223-24 (4th Cir. 2023) (internal quotation marks omitted). "[A]n appellate waiver is valid if the defendant knowingly and voluntarily agreed to it." *Id.* at 224. To determine whether a waiver is knowing and voluntary, "we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *Id.* "When

2

a district court questions a defendant during a [Federal] Rule [of Criminal Procedure] 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions, we generally will hold that the waiver is valid." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021).

Our review of the record confirms that Brown knowingly and intelligently waived his right to appeal his convictions and sentence on any ground except for ineffective assistance of counsel or prosecutorial misconduct. We therefore conclude that the appellate waiver is valid and enforceable and that any challenge to the reasonableness or calculation of Brown's sentence falls squarely within the waiver's broad scope.

Turning to the issue raised by *Anders* counsel, Brown's appeal waiver does not bar this court from reviewing whether the district court committed reversible *Rogers* error. *See United States v. Singletary*, 984 F.3d 341, 344-45 (4th Cir. 2021). In *Rogers*, we held that a district court is required to orally pronounce at sentencing all discretionary conditions of supervised release. 961 F.3d at 296. "[A] district court may satisfy its obligation to orally pronounce discretionary conditions through incorporation—by incorporating, for instance, all [Sentencing] Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment." *Id.* at 299. A court also "may comply with the pronouncement requirement by expressly incorporating a written list of proposed conditions," such as recommendations in a presentence report or "a court-wide standing order that lists certain conditions of supervised release." *Id.* In addition to failing to announce or incorporate discretionary conditions of supervised release, we have held that an unexplained inconsistency between the orally pronounced

3

and written versions of a discretionary supervised release condition is also a *Rogers* error. *See United States v. Cisson*, 33 F.4th 185, 193-94 (4th Cir. 2022). We review de novo "the consistency of the defendant's oral sentence and the written judgment." *Id.* at 193 (internal quotation marks omitted).

Here, at the sentencing hearing, the district court expressly incorporated the mandatory and standard conditions of supervision adopted in the Eastern District of North Carolina's standing order. It then explicitly announced each of the special conditions of supervised release not contained within the standing order. We have reviewed the record and conclude that the court's oral pronouncement matches those listed in the judgment.

In accordance with our obligations under *Anders*, we have reviewed the entire record for any potentially meritorious issues that do not fall within the scope of the appeal waiver and have found none. We therefore grant the Government's motion to dismiss and dismiss the appeal as to all issues falling within the scope of the broad appeal waiver in Brown's plea agreement. We also affirm the remainder of the criminal judgment.

This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

4